# UNITED STATES DISTRICT COURT
# WESTER DISTRICT OF WASHINGTON

| RICHARD SANDERS, | Case No. |
|---|---|
| Plaintiff, | |
| v. | COMPLAINT |
| JEH CHARLES JOHNSON<br>Secretary,<br>Department of Homeland Security | JURY TRIAL DEMAND |
| Defendant. | |

# COMPLAINT

## I. PARTIES

1. This is an action by Richard Sanders (hereinafter "Sanders" or "Plaintiff"), a resident of King County, Washington, who is employed by the Transportation Security Administration (hereinafter "TSA") of the United States Department of Homeland Security (hereinafter "DHS" or "Defendant") as a Transportation Security Officer (TSO) at the Seattle-Tacoma International Airport and was subjected to sexually harassing

DEFIANCE LAW Pllc
1115 Tacoma Ave. S.
Tacoma, WA 98402
Tele: (253) 507-4769

contact from his co-workers as a result of a training policy implemented by Defendant.

2. At times referenced herein, Plaintiff's employer, pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. Section 2000(e) *et seq.*, is the Transportation Security Administration, under the Department of Homeland Security, Jeh Charles Johnson, Secretary.

## II. JURISDICTION & VENUE

3. This Court has original jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, and 28 U.S.C. Sections 1331. The jurisdiction of this Court is invoked to secure protection of right guaranteed by federal law.

4. Jurisdiction is proper because Plaintiff has exhausted his administrative remedies. Plaintiff filed a complaint on October 25, 2015 with the TSA Equal Employment Opportunity Branch, Civil Rights, Diversity & Inclusion Division (hereinafter "EEO"). Plaintiff received notification from EEO that its investigation had been completed in a letter dated August 3, 2016. To date a final agency decision has not been issued and it has been more than 180 days since Plaintiff filed his Complaint with the EEO. Plaintiff may therefore file this civil action in the appropriated District Court pursuant to 29 C.F.R. 1614.407(d).

5. Venue lies in this Court pursuant to 28 U.S.C. Section 1391 because a substantial number of the unlawful employment practices alleged in this action took place within this District at the Seattle-Tacoma International Airport, where Plaintiff performed his job duties on behalf of Defendant.

## III. GENERAL FACTUAL ALLEGATIONS

6. On information and belief, the Office of Security Operations for the TSA, initiated a plan requiring additional training on certain types of screening. In response to this plan, the Washington State region of the TSA prepared

its own plan which required each TSO to practice sensitive area pat-down training during each shift.

7. On or about June 23, 2015, all TSOs at the Seattle-Tacoma International Airport, including Plaintiff, had to conduct sensitive area pat-down training on their co-workers during their daily briefing. This particular pat-down required the TSO performing the screening to run the back of their hand down their co-worker's zipper, and then slide their hand up the inner thigh until resistance was met at the scrotum. This training was to continue for a period of three weeks.

8. On or about June 29, 2015 and June 30, 2015, Plaintiff spoke to Supervising Transportation Security Officer (hereinafter "STSO"), Amy Martin, to advise that he felt the sensitive area pat-down training comprised of unwelcome, unwanted touching as defined by the TSA's own sexual harassment policy. Plaintiff further explained that he had already been certified in this type of screening and that it was unnecessary. STSO Martin told Plaintiff that the training was required. Plaintiff performed the training.

9. On or about July 1, 2015, Plaintiff spoke to STSO, Jose Jaramillo, prior to the daily briefing to advise that the sensitive area pat-down training made him feel uncomfortable and that he did not want to participate. STSO Jaramillo informed Plaintiff that they were required to perform the training every day. Plaintiff performed the training.

11. On or about July 8, 2015, Plaintiff spoke to STSO, Jeannine Lewis, prior to the daily briefing to advise her he felt the sensitive area pat-down training constituted sexual harassment. STSO Lewis informed Plaintiff that the training had ended and he would not have to perform the sensitive area pat-down training. Plaintiff was further informed that management at the Office of Security Operations had determined that a

tabletop demonstration or quiz would be sufficient to reinforce the sensitive area pat-down screening.

12. During the time that the sensitive area pat-down training was in effect, Plaintiff learned that other TSOs were making comments about the size of each other's genitalia as a result of the sensitive area pat-down training requiring the TSOs to touch the groin area of their co-workers on a daily basis.

12. On or about September 3, 2015, STSO, Quinn Sealey, informed Plaintiff and the other Seattle-Tacoma International Airport TSOs that they would be required to perform the sensitive area pat-down training on each other. In response, TSO, James Hollister, informed STSO Sealey that he would rather be fired than perform the training. As a result of TSO Hollister's statement, other TSOs voiced objection to the training.

13. As a direct and proximate result of the sensitive area pat-down training, Plaintiff was humiliated, embarrassed, anxious, and made sick to his stomach. Plaintiff even considered calling in sick as a result of the training because it made him feel uncomfortable to place his hands on the genitalia of his co-workers, and friends, on a daily basis.

14. The TSA's Anti-Discrimination and Harassment Policy Statement provides, "[W]e each have a responsibility to ensure that these rights are afforded to everyone and promote a work environment that is productive, inclusive, and free from discrimination, harassment (sexual and non-sexual), and retaliation. Harassment of any kind…is strictly prohibited…Supervisors and managers are to take immediate and corrective action, including discipline, where appropriate. The use or abuse of official authority or position to intimidate, coerce, bully, or harass is strictly prohibited.

Furthermore, any supervisor or manager who has knowledge of such conduct, yet takes no action to end it, may also be subject to disciplinary action."

15. Plaintiff's supervisors and managers failed to take immediate and corrective action in response to Plaintiff's concerns, as well as the concerns of other TSOs, about the sensitive area pat-down training in violation of its own Anti-harassment policy as well as Title VII, 42 U.S.C. Section 2000e-2(a).

## FIRST CAUSE OF ACTION
## SEXUAL HARASSMENT

16. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 of this Complaint as if fully alleged herein.

17. Plaintiff was subjected to unwelcome, offensive and sexually harassing conduct during his employment with DHS as a TSO as result of the sensitive area pat-down training put in place by DHS. Other reasonable means were available, and did become available at the direction of DHS, to conduct the sensitive area pat-down training that did not require Plaintiff to place his hands on the genitalia of his co-workers.

18. Defendant has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a), by discriminating against and harassing Plaintiff on the basis of his sex, male, by subjecting him to sexual harassment by forcing him to engage in training that required him to place his hands on the genitalia of his co-workers, and friends, on a daily basis. This training was required despite Plaintiff's objections and the availability of reasonable alternative methods of enforcing the sensitive area pat-down training, including, but not limited to, tabletop demonstrations, quizzing, or use of a mannequin or another human substitute.

19. Defendant discriminated against and harassed Plaintiff because of his gender in violation of Title VII, 42 U.S.C. § 2000e-(2)(a), by engaging in, tolerating or failing to prevent the gender-based harassment alleged

herein and by failing to take affirmative action to correct and redress these unlawful employment practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Richard Sanders, respectfully requests that the Court issue a judgment granting him the following relief from Defendant:

    a.    Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates on the basis of sex;

    b.    Compensatory damages for emotional distress, embarrassment, and humiliation, pain and suffering, mental anguish, anxiety, inconvenience, and loss of enjoyment of life;

    c.    Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

    d.    Costs expended herein, including reasonable attorneys' fees;

    e.    Pre-judgment and post-judgment interest; and

    f.    Any and all other relief to which Plaintiff may be entitled.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

DATED this 2nd day of September, 2016.

_____
Kevin P. Smith, WSBA no. 48578
Attorney for Plaintiff