THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD SANDERS,<br><br>              Plaintiffs,<br><br>   v.<br><br>JEH CHARLES JOHNSON, Secretary, Department of Homeland Security,<br><br>              Defendant. | CASE NO. C16-1402-JCC<br><br>ORDER |

This matter comes before the Court on the parties' stipulated motion to seal documents related to Defendant's motion for summary judgment (Dkt. No. 23). The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, documents filed in support of a dispositive motion should remain under seal when a party can "articulate[] compelling reasons supported by specific factual findings" that outweigh the public's interest in access. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

The parties wish to seal the Defendant's motion for summary judgment and its supporting declarations and exhibits because the documents contain Sensitive Security Information ("SSI") that is not to be disclosed to the general public pursuant to applicable federal regulations. (Dkt.

No. 23 at 1–3.) Plaintiff is an employee of the Transportation Security Administration ("TSA") and brings this Title VII employment discrimination lawsuit alleging that he was sexually harassed as part of TSA's training policies. (*Id*.) The relevant training policies include SSI that was obtained and developed in the conduct of security activities. (*Id*.) TSA has determined that the disclosure of SSI would, among other things, be detrimental to the security of transportation. (*Id*.); *see also* 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.5. Pursuant to TSA regulations, SSI is only to be disclosed to "covered persons" which the general public is not. *See* 49 C.F.R. § 1520.7.

Given the nature of the lawsuit, Defendant's motion for summary judgment and supporting declarations and exhibits necessarily contain numerous references to SSI. (Dkt. No. 23 at 2.) The parties previously submitted, and the Court granted, a stipulated protective order to prevent the disclosure of SSI during discovery. (Dkt. No. 19.)

The Court finds that the parties have articulated compelling reasons for filing the motion for summary judgment and supporting declarations and exhibits under seal. Those reasons are supported by the specific facts of this case. Therefore, the motion to seal is GRANTED. Docket Numbers 24, 25, 26, and 27 shall REMAIN sealed.

DATED this 3rd day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE